UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>ANTRUM COSTON | No. 3:16-cr-127 (SRU) |

## ORDER

Antrum Coston's motion for compassionate release (doc. no. 94) is **granted**. Pursuant to 18 U.S.C. § 3582(c)(1)(A), I modify Coston's sentence as follows.

1. I reduce Coston's term of imprisonment to **time served** and I direct the Bureau of Prisons to immediately release Coston from custody.

    a. I so reduce Coston's term of imprisonment because of extraordinary and compelling reasons relating to the COVID-19 pandemic and Coston's underlying health condition (severe asthma).

2. I extend and modify Coston's period of supervised release as follows.

    a. Upon release, Coston shall immediately return to his home in New Haven, Connecticut. (Coston's lawyer represents that Coston "will rejoin his young family in New Haven, Connecticut, where they have a stable residence." *See* Mot. for Compassionate Release, Doc. No. 94, at 2.)

    b. Coston shall be on home incarceration until his original BOP release date (November 22, 2020).[1]

---

[1] *See* Find an Inmate, https://www.bop.gov/inmateloc/ (inserting Coston's register number 15278-014, the BOP estimates a release date of November 22, 2020).

      c. After November 22, 2020, Coston will be subject to the supervised release conditions set forth in the judgment in this case.  *See* Judgment, Doc. No. 90.

      d. Upon returning to his home in New Haven, Coston must self-quarantine for fourteen (14) days.  He must also contact his physician to determine whether he is a candidate for testing for COVID-19.  If his medical provider determines that he needs to be tested, Coston must comply with that testing.  If the test is positive, he must promptly report the result to the BOP.

Normally, a court may not modify or reduce a defendant's sentence on that defendant's motion when the defendant has not exhausted his administrative rights by either (1) appealing a failure of the BOP to bring such a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility.  *See* 18 U.S.C. § 3582(c)(1)(A).  Here, Coston represents that he has not satisfied the exhaustion requirement.  *See* Mot. for Compassionate Release, Doc. No. 94, at 3 (noting that Coston "file[d] a request with the warden at FCI Danbury on April 3, 2020" and has not yet received a response); *see also* United States's Opposition, Doc. No. 97, at 3–6.  However, I join numerous other district courts in holding that, under the circumstances of COVID-19, the administrative exhaustion requirement is waived.  *See, e.g.*, *United States v. Colvin*, 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020); *United States v. McCarthy*, 2020 WL 1698732, at *3–4 (D. Conn. Apr. 8, 2020); *United States v. Perez*, 2020 WL 1546422, at * 2–3 (S.D.N.Y. Apr. 1, 2020); *United States v. Zuckerman*, 2020 WL 1659880, at *2–4 (S.D.N.Y. Apr. 3, 2020).

    This sentence modification is consistent with U.S.S.G. § 1B1.13 because extraordinary and compelling reasons warrant the reduction, and because the terms of the sentence

modification ensure that Coston will not pose a danger to the safety of any other person or to the community (Coston will be on home incarceration during the time he would have been incarcerated, and there is no evidence he is a danger to anyone in his home).  Finally, I have considered the factors set forth in 18 U.S.C. § 3553(a) and conclude that they weigh in favor of immediate release.

    IT IS SO ORDERED.

    Dated at Bridgeport, Connecticut, this 16th day of April 2020.

    /s/ STEFAN R. UNDERHILL
    Stefan R. Underhill
    United States District Judge